UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN M. HUFF, | |
| Plaintiff, | CASE NO. 14-cv-05550-BHS-JRC |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | Noting Date: February 6, 2015 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to discuss significant, probative evidence related to plaintiff's migraine headaches, such as her presentation to the ER with a six-day headache associated with

nausea and vomiting that did not resolve fully with medication. The ALJ also committed harmful error by failing to find that plaintiff's migraine headaches constituted a severe impairment with no discussion of the treatment record supporting plaintiff's allegations and by failing to include any limitations in plaintiff's RFC as a result of this impairment.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, CAROLYN M. HUFF, was born in 1977 and was 32 years old on the amended alleged date of disability onset of December 1, 2010 (*see* AR. 17, 41, 46, 197-98, 199-208). Plaintiff has a GED and has completed two years of college (AR. 62). Plaintiff has work experience as a nurse's assistant and telephone customer service (AR. 236). Her last employment ended because of her medical condition (AR. 44, 220).

According to the ALJ, plaintiff has at least the severe impairments of "multiple sclerosis, obesity, anxiety disorder, and sleep disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 19).

At the time of the hearing, plaintiff was living in an apartment with her three children (AR. 40).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 80-91, 92-103, 106-19, 120-33). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on October 9, 2012 (*see* AR. 34-77). On December 17, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-33).

On June 5, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2014 (*see* Dkt. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR") on September 22, 2014 (*see* Dkt. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly found migraines were not a severe impairment at step two; (2) Whether or not the ALJ gave clear and convincing reasons to find plaintiff not credible; (3) Whether or not the ALJ's treatment of opinion evidence results in a finding of residual functional capacity ("RFC") which is supported by substantial evidence; and (4) Whether or not the ALJ's errors support remand for an immediate award of benefits (*see* Dkt. 12, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3


following reconsideration (*see* AR. 80-91, 92-103, 106-19, 120-33). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on October 9, 2012 (*see* AR. 34-77). On December 17, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-33).

On June 5, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2014 (*see* Dkt. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR") on September 22, 2014 (*see* Dkt. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly found migraines were not a severe impairment at step two; (2) Whether or not the ALJ gave clear and convincing reasons to find plaintiff not credible; (3) Whether or not the ALJ's treatment of opinion evidence results in a finding of residual functional capacity ("RFC") which is supported by substantial evidence; and (4) Whether or not the ALJ's errors support remand for an immediate award of benefits (*see* Dkt. 12, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly found migraines were not a severe impairment at step two**.

In determining that plaintiff's migraine headaches did not constitute a severe impairment, the ALJ included the following in her written decision:

> The claimant was also treated for a variety of other symptoms and complaints that appear periodically through the record. These conditions include but are not limited to: migraines, abdominal pain, vitamin D deficiency, gilenya intolerance, high cholesterol, and asthma (internal citation to Ex. 18F/3). However, these conditions, considered singly or in combination, have caused only transient and mild symptoms and limitations, are well controlled with treatment, did not persist for twelve continuous months, do not have greater than a minimal limitation on the claimant's physical or mental ability to perform basic work activities, or are otherwise not adequately supported by the medical evidence of record. Accordingly, these impairments do not constitute severe impairments.

(AR. 20).

Plaintiff argues that "the ALJ has erred by failing to make any specific findings as to migraines because it seems the ALJ is throwing every reason possible to find migraines not severe without any specificity" (*see* Opening Brief, Dkt. 12, p. 5). Plaintiff also contends that her "migraines have not included only transient and mild symptoms, have not been well controlled with treatment, have persisted for 12 continuous months, have greater than a minimal limitation on the ability to perform basic work activities and are adequately supported by the medical evidence" (*see id.*).

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Administrative Law Judge "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted).

An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

The ALJ's finding regarding plaintiff's migraines is non-specific and conclusory; however, according to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical

findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-7p).

Defendant argues that even if the ALJ erred in failing to find plaintiff's migraines severe at step two, it is not a material issue because the ALJ proceeded to further steps in the sequential evaluation process.  According to the Ninth Circuit, when an ALJ fails to find an impairment severe, the error is not necessarily harmless just because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The Ninth Circuit Court in *Hill* concluded that an ALJ erred where the ALJ failed to find severe a claimant's panic disorder when the claimant described symptoms consistent with panic disorder to the ALJ at the administrative hearing. *See id.* The court found that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity [RFC] determination was incomplete, flawed, and not supported by substantial evidence in the record." *See id.* Similarly, here, even though plaintiff's history of migraine headaches is substantiated by the record, the ALJ failed to include any limitations to plaintiff's RFC on the basis of her migraine headaches.

The medical record, not discussed by the ALJ, supports plaintiff's alleged severe headaches. For example, in 2008 prior to plaintiff's amended date of disability onset of

December 1, 2010, plaintiff reported headaches at a level of pain of 6/10 daily for two weeks (AR. 550). Plaintiff was diagnosed with "HEADACHE CLUSTER WITH INTRACTABLE MIGRAINE" (*see id.*). About three weeks after her alleged onset date, on December 20, 2010, plaintiff reported that she was suffering from frequent headaches which lasted for two to three hours every few days and caused her to feel exhausted and dizzy (*see* AR. 377). Plaintiff was diagnosed with "HEADACHE CLUSTER WITH INTRACTABLE MIGRAINE," as well has hand pain (*see* AR. 378). This treatment report indicates that plaintiff had received an MRI but had not yet received her follow up appointment regarding the MRI results (*see id.*). On July 21, 2011, seven months later, plaintiff reported continued headaches and dizziness, and Dr. Zhongzeng Li, M.D. indicated that "[f]or her migraine headache, I started her on nortriptyline" (AR. 491).

Less than two weeks later, on August 3, 2011, plaintiff went to the emergency room and reported that she had been experiencing a headache for six days that included nausea and vomiting (AR. 498). She reported that her pain was 8/10 and was not getting better with ibuprofen or Tylenol (*see* AR. 499). Plaintiff received "Dilaudid for treatment of pain" and "Toradol 30 mg IV as well for management of her headache" (*see* AR. 500). When she was reassessed, she still had persistent headache, although she reported some improvement with her ER treatment (*see id.*). The fact that plaintiff went to the ER reporting a persistent, six-day headache accompanied by nausea and vomiting that did not fully resolve with medications is significant, probative evidence that the ALJ erred in failing to discuss. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (the Commissioner "may not reject 'significant probative evidence' without explanation")

(*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).

On August 22, 2011, plaintiff reported to Dr. Li that she still was suffering from headache (*see* AR. 488). Less than two weeks after her August 3, 2011 ER visit, plaintiff again went to the ER on August 16, 2011 and was diagnosed with a tension headache (AR. 496). On August 25, 2011, plaintiff again went to the ER with a headache (*see* AR. 673). After receiving Benadryl, Reglan, Toradol and Zofran, her headache was significantly better (*see id.*). As she had started a new MS medication on that date, the ER doctor indicated that it was unclear if this particular headache was related to her new medication (*see id.*). She was diagnosed with headache (*see* AR. 674).

In late 2011, reportedly on September 30, 2011, plaintiff indicated that changing her medication from Paxil to Nortip increased her headache, and her prescription was changed back to Zoloft and Gabapentin (AR. 474 (date unclear)). At that time, she was diagnosed with chronic headaches (*see id.*). In May, 2012, plaintiff presented with a headache, among other presenting issues (AR. 635, 637).

Therefore, for the reasons stated and based on the record as a whole, the Court concludes that contrary to the finding by the ALJ, plaintiff has demonstrated that her migraines have not included only transient and mild symptoms, have not been well controlled with treatment, have persisted for 12 continuous months or can be expected to persist for 12 continuous months, result in more than minimal limitation on the ability to perform basic work activities and are adequately supported by the medical evidence (*see* AR. 20, Opening Brief, Dkt. 12, p. 5).

The ALJ's error in failing to find plaintiff's headaches severe and to accommodate limitations from her headaches in her RFC is not harmless error, as plaintiff's treatment record and her allegations reasonably support her argument that she would be off task twenty percent of the time due to her headaches and the vocational expert testified that such a limitation would render plaintiff unable to work if it impacts her productivity (*see* AR. 76). Plaintiff's allegations with respect to her headaches also support plaintiff's argument that she would experience two or more unexcused absences per month to manage symptoms, which also would render plaintiff unable to work according to VE testimony (*see* AR. 73). See *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate non-disability determination'") (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Failure to accommodate any limitations in plaintiff's RFC due to her migraine headaches is not inconsequential to the ultimate non-disability determination. *See id.*

However, because it is unclear exactly how plaintiff's headaches affect her RFC or if plaintiff's headaches result in plaintiff being sufficiently off task at least twenty percent of the time, further administrative proceedings would serve a useful purpose. Therefore, this matter should be reversed and remanded for further proceedings, but not with a direction to award benefits. See *Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 at *30 (9th Cir. December 24, 2014) (citations omitted) (step two of the "credit-as-true" test requires the court to determine if "further administrative proceedings would be useful").

      (2)    **Whether or not the ALJ gave clear and convincing reasons to find plaintiff not credible**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter, as should plaintiff's residual functional capacity.

However, the Court also notes that although the ALJ found that plaintiff's work history supports the adverse credibility finding (*see* AR. 23), in the written decision the ALJ found that plaintiff's earnings record supports her testimony that she "was frequently leaving work, going to the hospital, and taking pain medications that left her unable to do her job" (AR. 19). The ALJ also found that plaintiff's last work was an unsuccessful work attempt (*see id.*). Similarly, although for the credibility determination the ALJ relied on a finding that plaintiff's claims of debilitated functioning are not consistent with contemporaneous reports regarding her actual functioning and with her treatment record, the ALJ does not specify inconsistencies but recites the treatment record in general; and furthermore, the treatment record cited is not inconsistent generally with allegations of debilitated functioning (AR. 23-24). The ALJ's notation of plaintiff's "normal physical examination findings" (AR. 24) contrasts with plaintiff's multiple MRIs demonstrating more than ten lesions in her brain and two lesions in her spinal cord (*see* AR. 454). These errors, too, should be corrected by the ALJ following remand of this matter.

CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 6, 2015, as noted in the caption.

Dated this 16th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge